IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Michael J. Coffy, ) | |
| ) | |
| Plaintiff, ) | |
| ) | Civil Action No. 2:24-786-BHH |
| v. ) | |
| ) | **ORDER** |
| Officer Lee Dittrich, Officer Douglas ) | |
| Richards, Officer Hannon, ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

This matter is before the Court upon Plaintiff Michael J. Coffy's ("Plaintiff") pro se complaint filed pursuant to 42 U.S.C. § 1983. (ECF No. 1.) In accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C., this matter was referred to a United States Magistrate Judge for preliminary review.

On March 13, 2024, the Court authorized service of the complaint upon the named Defendants, Officers Lee Dittrich ("Dittrich"), Douglas Richards ("Richards"), and Hannon ("Hannon") (collectively, "Defendants"). (ECF No. 12.) On May 14, 2024, Defendants filed a motion to dismiss, to which Plaintiff responded.[1] (ECF Nos. 22, 26.)

On August 30, 2024, United States Magistrate Judge Bristow Marchant issued a Report and Recommendation ("the first Report"), recommending that the Court grant in part and deny in part Defendants' motion. (ECF No. 32.) Defendants filed objections to the Report raising new arguments and attaching additional documents in support. (ECF No. 56.) Accordingly, the undersigned issued an order on October 7, 2024, declining to adopt

---

[1] Plaintiff also several motions himself: motion for extension of time; motion for file additional motions; motion to compel; motion for objection to subpoena; and motion to quash subpoena. (*See* ECF Nos. 41, 48, 51, 67, 68.)

the Magistrate Judge's first Report and instead remanding the matter for consideration of the new arguments and materials submitted by Defendants. (ECF No. 61.)

On October 9, 2024, United States Magistrate Judge William S. Brown issued another Report and Recommendation, considering the new arguments and materials submitted by Defendants and recommending that the Court grant Defendants' motion to dismiss and find moot Plaintiffs' other motions. (ECF No. 63.)

Plaintiff filed objections to the Magistrate Judge's Report, and the matter is ripe for review. For the reasons set forth herein, the Court overrules Plaintiff's objections and adopts the Magistrate Judge's Report.

## **STANDARD OF REVIEW**

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

In the absence of specific objections, the Court reviews the matter only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

As an initial matter, the Court notes that Plaintiff does not object to the Magistrate Judge's recommendation that Officer Hannon be dismissed from this action for lack of proper service. (*See* ECF No. 63 at 15-17; ECF No. 65 at 9 ("Plaintiff does not contest that Officer Hannon be dismissed from this action.").) After review, therefore, the Court finds no clear error in the Magistrate Judge's recommendation and agrees that Defendant Hannon should be dismissed for lack of service.

Next, however, Plaintiff does object to the Magistrate Judge's finding that Plaintiff's Fourth Amendment claim fails as a matter of law. In the Report, the Magistrate Judge explained that the additional materials provided to the Court after the issuance of the first Report clarified Plaintiff's effectively criminal record.[2] Specifically, the Magistrate Judge found that the additional materials established that indictment number 2021-GS-03906, charging Plaintiff with armed robbery, was *nolle prossed* in connection with Plaintiff's plea of guilty to indictment number 2023-GS-10-3215, charging Plaintiff with attempted armed robbery based on substantially the same factual allegations as the earlier indictment. (*See* ECF Nos. 56-1, 56-2.) Thus, the Magistrate Judge determined that Plaintiff failed to demonstrate a favorable termination of indictment number 2021-GS-03906 to support a claim for malicious prosecution. (ECF No. 63 at 9-12.) *See Massey v. Ojaniit*, 759 F.3d

---

[2] As the Magistrate Judge noted in his Report, in reviewing the sufficiency of a complaint, a court may consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" without converting a motion to dismiss to a motion for summary judgment. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007). (ECF No. 63 at 11, n. 7.) Plaintiff's complaint references the indictments at issue, and the additional materials provided by Defendants are part of the public record in Plaintiff's state court cases, such that the Court may take judicial notice of them. Furthermore, even if the Court's consideration of these materials were to convert Defendants' motion into one for summary judgment, the parties have received notice in the *Roseboro* order. (ECF No. 24 at 1.)

343, 356 (4th Cir. 2014) (quoting *Durham v. Horner*, 690 F.3d 183, 188 (4th Cir. 2012)) (explaining that to establish a claim for malicious prosecution, a plaintiff must allege that "'the defendant . . . seized plaintiff pursuant to legal process that was not supported by probable cause'" and "'the criminal proceedings . . . terminated in plaintiff's favor'"); *Tucker v. Duncan*, 499 F.2d 963, 965 (4th Cir. 1974) ("Where a nol. pros. is entered by the procurement of the party prosecuted, or by his consent or by compromise, such party cannot have an action for malicious prosecution.") (citation and internal quotation marks omitted); *Etcheber v. F.B.I.*, No. CA 2:13-0752-JFA-BM, 2014 WL 1319145, at *6 (D.S.C. Mar. 28, 2014) ("Even where criminal charges are *nolle prossed*, and therefore no conviction was obtained, *Heck* still bars a claim for damages unless the Plaintiff establishes that the *nolle prosequi* or dismissal of a criminal charge was entered for reasons consistent with his innocence."), *aff'd*, 583 F. App'x 271 (4th Cir. 2014).

In his objections, Plaintiff repeats his claim that he was unlawfully arrested on June 28, 2021, and he disagrees with the Magistrate Judge's finding that Plaintiff did not receive a favorable termination of the initial armed robbery indictment. Plaintiff states: "The Magistrate Judge [i]nsinuates that the Solicitor dismissed the indictment for armed robbery in agreement that the plaintiff would plea[d] guilty to the new indictment of attempted armed robbery. The decision to dismiss is wrong because Judge W. Brown does not address the illegal search and seizure which is what this civil claim is for." (ECF No. 65 at 3.) Plaintiff then contends that no new evidence was submitted to support the new indictment and that there must be a change and discovery of new evidence when filing a new indictment. (*Id.* at 3-4.) According to Plaintiff, "Judge W. Brown's recommendation is about the guilty plea and robbery and not what the suit and claim is for which [sic] illegal search and

4

seizure, it's the wrong recommendation. The plea has nothing to do with the wrongful act by police to fabricate evidence to gain probable cause illegally." (*Id.* at 4.)

After a careful *de novo* review, the Court finds no merit to Plaintiff's objection. As the Magistrate Judge properly explained, Plaintiff's Fourth Amendment claim under § 1983 for malicious prosecution (based on the alleged lack of probable cause to arrest Plaintiff) requires Plaintiff to show both that he was seized without probable cause and that the criminal proceedings "terminated in his favor." *Massey*, 759 F.3d at 356.

Here, as the Magistrate Judge correctly found, the record indicates that Plaintiff pleaded guilty to the lesser charge of armed robbery in exchange for the *nolle prosequi* disposal of the armed robbery charged on which he was initially arrested. Both charges were based on the same events that occurred on June 27, 2021, and both indictments contain similar factual allegations. Thus, Plaintiff cannot demonstrate that the *nolle prosequi* disposal of indictment number 2021-GS-03906 was a termination in his favor, as the disposal was in connection with his guilty plea to lesser charge based on the same factual allegations. Nor has Plaintiff shown that his conviction or sentence has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid. Accordingly, the Court fully agrees with the Magistrate Judge that Plaintiff's § 1983 malicious prosecution claim is subject to dismissal.

In the Report, the Magistrate Judge also found that Plaintiff's complaint fails to allege facts to state any plausible claims against Defendants in their official capacities. Thus, to the extent Plaintiff seeks to assert claims against Defendants in their official capacities, the Magistrate Judge recommends dismissal of those claims. (ECF No. 63 at 13-14.) In his objections, Plaintiff concedes that his claims against Defendants are in their individual

capacities and not their official capacities.[3] (ECF No. 65 at 9.)

## CONCLUSION

**For the foregoing reasons, the Court overrules Plaintiff's objections (ECF No. 65) and adopts and specifically incorporates the Magistrate Judge's Report (ECF No. 63). For the reasons set forth in the Magistrate Judge's Report and for the reasons set forth herein, the Court grants Defendants' motion to dismiss (ECF No. 22), and the Court finds moot Plaintiff's remaining motions (ECF Nos. 41, 48, 51, 67, and 68).**

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

January 31, 2025
Charleston, South Carolina

---

[3] Plaintiff also objects that his complaint is not barred by *res judicata*, but the Magistrate Judge specifically found that this action was not barred by *res judicata* in the Report. (Cf. ECF No. 63 at 9, n. 6; ECF No. 65 at -7.)